

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

October 20, 2025

**By ACMS**

Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

    Re:   *Masahide Kanayama v. Scott Kowal, et al.,*
          No. 24-1340
          Argument date: October 23, 2025
          Panel: Lynch, Nardini, Menashi, *C.JJ.*

Dear Ms. Wolfe:

    The Government respectfully submits this letter to update the Court regarding appellant Masahide Kanayama's extradition.

**I    Background**

    As the Court is aware, on May 30, 2017, the Honorable Barbara Moses issued a warrant for Kanayama's arrest pursuant to a complaint seeking Kanayama's extradition to Japan. (Add. 3–4). On June 2, 2017, Kanayama was arrested, presented, and released on conditions of bail pending extradition proceedings (A. 284); he remains out on bail today. On January 26, 2023, following extensive briefing and an extradition hearing pursuant to 18 U.S.C. § 3184, the Honorable Edgardo Ramos certified to the U.S. Secretary of State that Kanayama may be extradited to Japan. (SA 33–44). Kanayama appealed Judge Ramos's order by petitioning for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (A. 10–64). On April 11, 2024, the Honorable Colleen McMahon denied Kanayama's habeas petition. (SA 1–31). On May 7, 2024, Kanayama appealed Judge McMahon's denial of his habeas petition. (A. 2040).

    On August 21, 2024, Kanayama moved this Court to stay his extradition "until the finalization of all proceedings on this direct appeal from the Southern District of New York's denial of his petition for [a] writ of habeas corpus pursuant to 28 U.S.C. section 2241." (Docket Entry 32 at 1). Three months later, on November 25, 2024, this Court (Menashi, *J.*), directed Kanayama first to move for a stay in the District Court, as required by Federal Rule of Appellate Procedure 8(a)(1), deferred a decision on the

Catherine O'Hagan Wolfe
October 20, 2025
Page 2 of 4

stay motion, and directed the Government " [to] inform [Kanayama], this Court, and the district court whether extradition is scheduled or likely imminent." (Docket Entry 50). On December 4, 2024, Kanayama moved Judge McMahon to stay his extradition. (A. 2041–80). On December 16, 2024, the Government wrote to this Court and Judge McMahon to tell them and Kanayama "that extradition is not scheduled and is not imminent." (A. 2081; Docket Entry 53). Three days later, on December 19, 2024, Judge McMahon denied Kanayama's motion to stay his extradition. (A. 2102–03).

On January 10, 2025, Kanayama again moved this Court to "stay[ his] extradition from the United States to Japan until the finalization of all proceedings in this direct appeal from the Southern District of New York's denial of his petition for [a] writ of habeas corpus." (Docket Entry 54 at 1). On January 27, 2025, this Court ordered "that, within 7 days …, [the Government] inform [Kanayama,] this Court, and the district court whether extradition is scheduled or likely imminent." (Docket Entry 58). On February 3, 2025, the Government wrote to this Court and Kanayama—and, the following day, wrote to Judge McMahon—to tell them "that extradition is not scheduled and is not imminent." (A. 2104; Docket Entry 60). A month later, on March 6, 2025, this Court (Jacobs, Chin, Merriam, *C.JJ.*) denied Kanayama's motion for a stay of extradition pending appeal. (Docket Entry 69).

## II  Recent Events

On October 16, 2025, the United States Department of State wrote to Kanayama's attorney to tell him that the Department of State authorized Kanayama's surrender to Japan:[1]

> I am writing in relation to the Secretary of State's determination on whether to extradite Masahide Kanayama to Japan. Following a review of all pertinent information, including the materials submitted directly to the Department of State, as well as the materials and filings submitted to the U.S. District Court for the Southern District of New York on behalf of Mr. Kanayama, the Under Secretary of State for Political Affairs decided to authorize Mr. Kanayama's surrender to Japan, pursuant to 18 U.S.C. § 3186 and the Extradition Treaty between the United States and Japan.
>
> In reaching a decision in any extradition case, the Department carefully and thoroughly considers all claims submitted and takes appropriate steps, which may include obtaining information or commitments from the requesting government, to address the identified concerns. We have

---

[1] A copy of the letter is attached.

Catherine O'Hagan Wolfe
October 20, 2025
Page 3 of 4

shared information about Mr. Kanayama's medical conditions with Japanese authorities, who confirmed that his medical needs will be met both in transit from the United States to Japan, and during any period of detention in Japan.

Because Judge Ramos certified Kanayama's extraditability to the Secretary of State (SA 33–44), "[i]t is [now] for the Secretary of State to decide whether [Kanayama] shall be surrendered to" Japan. *Gomez v. United States*, 140 F.4th 49, 54 (2d Cir. 2025); *see* 18 U.S.C. § 3186. This is because, "[u]pon a judicial finding of extraditability, the Secretary of State must then decide whether to order the person extradited, by issuing a warrant for the person's surrender to the requesting state." *Kapoor v. DeMarco*, 132 F.4th 595, 601 (2d Cir. 2025). Indeed, under the so-called "rule of non-inquiry," this Court has "repeatedly held that it is the function of the Secretary of State—not the courts—to determine whether extradition should be denied on humanitarian grounds." *Id.* at 59.

While the ultimate decision of whether to issue a warrant for the surrender of a fugitive to the country seeking extradition rests solely with the Secretary of State, *see Gomez*, 140 F.4th at 54, 59; *Kapoor*, 132 F.4th at 601, the execution of a surrender warrant occurs through coordination between the U.S. Department of Justice (typically, the Department's Office of International Affairs tasks the U.S. Marshals Service) and authorities in the country seeking extradition. Additionally, surrender from U.S. authorities to foreign authorities generally requires that the fugitive be in U.S. custody. Here, the United States has not yet moved to remand Kanayama. Further, no surrender to Japanese authorities has been scheduled. Therefore, even though there is currently no stay motion pending, no stay order in place, and no pending order requiring the United States to update the Court regarding "whether extradition is scheduled or likely imminent" (Docket Entries 50, 58), it remains the case that surrender in this matter is not imminent. Moreover, to give this Court the opportunity to hear argument in this appeal and decide the matter, the Department represents that, even if no stay order is in place, it will not execute the surrender warrant before at least the earlier of: (1) this panel's decision in this appeal; or (2) January 1, 2026.

Catherine O'Hagan Wolfe
October 20, 2025
Page 4 of 4

    Please feel free to contact me with any questions.

                                          Respectfully submitted,

                                          JAY CLAYTON
                                          United States Attorney

                        By:     _____
                                          Michael D. Maimin
                                          Assistant United States Attorney
                                          Tel:   (212) 637-2340

cc:     David M. Dudley, Esq. (via ACMS)



United States Department of State

Washington, D.C. 20520

October 16, 2025

<u>VIA ELECTRONIC MAIL</u>

David M. Dudley
Law Offices of David M. Dudley
3415 S. Sepulveda Blvd.
Suite 1100
Los Angeles, California 90034-1509
E-mail: fedcrimlaw@hotmail.com

      Re:    <u>Extradition of Masahide Kanayama</u>

Dear Mr. Dudley,

      I am writing in relation to the Secretary of State's determination on whether to extradite Masahide Kanayama to Japan. Following a review of all pertinent information, including the materials submitted directly to the Department of State, as well as the materials and filings submitted to the U.S. District Court for the Southern District of New York on behalf of Mr. Kanayama, the Under Secretary of State for Political Affairs decided to authorize Mr. Kanayama's surrender to Japan, pursuant to 18 U.S.C. § 3186 and the Extradition Treaty between the United States and Japan.

      In reaching a decision in any extradition case, the Department carefully and thoroughly considers all claims submitted and takes appropriate steps, which may include obtaining information or commitments from the requesting government, to address the identified concerns. We have shared information about Mr. Kanayama's medical conditions with Japanese authorities, who confirmed that his medical needs will be met both in transit from the United States to Japan, and during any period of detention in Japan.

      Sincerely,

Tom Heinemann
Attorney Adviser
Law Enforcement and Intelligence